### LUBE v. PHILADELPHIA RAPID TRANSIT CO.

(Circuit Court, E. D. Pennsylvania. May 16, 1910.)

No. 732.

New Trial (§ 14*)—Grounds—Theory of Cause.

Where a street car passenger sued for injuries alleged to have been sustained in a collision, and the evidence showed that the collision was purely nominal, and that plaintiff could not have been injured by the impact, plaintiff and his witnesses having deliberately committed themselves to the theory that his injury was the result of a collision, he was not entitled to a new trial, in order to establish a cause of action on the theory that his injury was the result of fright at what he had reason to believe would be a dangerous collision.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 20; Dec. Dig. § 14.*]

At Law. Action by Charles Lube against the Philadelphia Rapid Transit Company. Verdict for defendant, and plaintiff moves for a new trial. Denied.

Walter Thomas, for plaintiff.
Russell Duane, for defendant.

J. B. McPHERSON, District Judge. The plaintiff, who had been a passenger in one of the defendant's cars, sued for personal injuries, and put his cause of action upon a violent collision of the car with a passing wagon:

"Nevertheless, the said defendant, its duty in this respect wholly disregarding and neglecting, so negligently, and carelessly operated said car on Girard avenue, whereby it, the said car, by reason of the carelessness and negligence of its servants or employés so violently struck a wagon, throwing the said Charles Lube with great force against the seat of said car, causing great physical injury, and wrecking his nervous system, and thus incapacitating him from the day of his injury to the day of his death from doing any labor and making a helpless invalid."

At the trial he attempted to prove the collision, and asserted that the violence of the impact had painfully injured his body, and had thus done much harm to his nerves. But the overwhelming evidence on behalf of the defendant showed that there had been no collision whatever, save of a purely nominal character, and that the plaintiff's

story. was apparently the product of his fancy. The physicians; his own as well as the defendant's, agreed that he was suffering from hysteria; and the jury, disregarding the strong appeal to their sympathy that was made by the plaintiff's deplorable condition upon the witness stand, followed properly the nearly irresistible testimony and rejected his claim. Upon the argument of this motion, the cause of action declared upon was abandoned, and it was urged that the plaintiff's injury was the result, not of bodily harm, but of fright at what he had reason to believe would be a dangerous collision, although the actual impact was so trifling as to be barely perceptible, and that he should be permitted to try the case over again upon this new theory. I do not feel called upon to discuss the elaborate brief of his counsel, in which the numerous and somewhat conflicting decisions upon the subject of injury from fright are carefully collected and considered; for such an injury was not the ground of recovery that was relied upon at the trial, and, indeed, it can hardly be said to need consideration even upon this motion. For, assuming, as I must assume, that the plaintiff and the other witnesses who have given their respective accounts of the occurrence have already told us what they each believed to be the truth, I do not see how the plaintiff upon another trial could possibly account for his condition upon the ground of fright, unless he should then testify to radically different facts from those to which he has deliberately committed himself. In my opinion, one careful and thorough investigation has been made of the plaintiff's story, and no reason appears for affording him the opportunity to try a second experiment.

The motion is refused.